IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KENNETH B. GIBBS,

        Plaintiff,

    v.

R. CHISMAN, et al.,

        Defendants.

_____/

No. C-13-2488 TEH (PR)

ORDER OF PARTIAL SERVICE

(Doc. # 4)

        Plaintiff Kenneth Gibbs, an inmate at Pelican Bay State Prison (PBSP) in Crescent City, California, commenced this action on June 3, 2013 by submitting a letter to the Court. Subsequently, Plaintiff properly filed a complaint on the Court's civil rights form. Doc. #4. Plaintiff also has filed an application to proceed <u>in forma pauperis</u> (IFP). This application is granted in a separate order. Plaintiff's complaint is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A.

I

        Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pleadings filed by pro se litigants, however, must be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. Leer, 844 F.2d at 633.

II

In his complaint, Plaintiff asserts the following allegations. On April 26, 2013, Officer R. Chisman kicked Plaintiff and Plaintiff filed a grievance against her. On April 30, 2013,

2

Officer Chisman read Plaintiff's legal documents and told him that she was going to give them to Lt. Kelly. Officer Chisman also insisted that inmate Thompson, who is helping Plaintiff with his legal cases, fill out a form if he was to continue assisting Plaintiff. Inmate Thompson refused to fill out the form. Officer Chisman vandalized Thompson's cell and threatened to "write him up" if he continued to help Plaintiff without filling out the form.

Officer Chisman read Plaintiff's and inmate Thompson's legal mail, which led to a skirmish between Plaintiff and Officer Chisman. When Plaintiff returned from the law library, he noticed his cell in disarray, his legal work exposed and material out of order. Officer Chisman's name was on a cell search receipt. When Plaintiff complained to her, she said she would give him something else to grieve sue her about. Based on these allegations, Plaintiff asserts that Officer Chisman violated his First and Fourteenth Amendment rights by retaliating against him for filing a grievance and lawsuit against her based on her improper use of excessive force.

Plaintiff alleges that, on May 1, 2013, Officer J. Juneau delivered Plaintiff's legal mail to him at his cell. Plaintiff noticed that the mail had been opened. Based on this allegation, Plaintiff asserts that Officer Juneau violated his First and Fourteenth Amendment rights to have his legal mail opened only in his presence.

### III

#### A

Retaliation by a state actor for the exercise of a

3

1  constitutional right is actionable under 42 U.S.C. § 1983, even if
2  the act, when taken for different reasons, would have been proper.
3  Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274, 283-84 (1977).
4  "Within the prison context, a viable claim of First Amendment
5  retaliation entails five basic elements:  (1) An assertion that a
6  state actor took some adverse action against an inmate (2) because
7  of (3) that prisoner's protected conduct, and that such action
8  (4) chilled the inmate's exercise of his First Amendment rights, and
9  (5) the action did not reasonably advance a legitimate correctional
10 goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005)
11 (footnote omitted).
12         Liberally construed, Plaintiff states a cognizable claim
13 against Officer Chisman based on her retaliation against him.
14                                   B
15         Prison officials may institute procedures for inspecting
16 "legal mail," e.g., mail sent between attorneys and prisoners.
17 Wolff v. McDonnell, 418 U.S. 539, 576-77 (1974).  However, the
18 opening and inspecting of legal mail outside the presence of the
19 prisoner may have an impermissible "chilling" effect on the
20 constitutional right to petition the government, O'Keefe v. Van
21 Boening, 82 F.3d 322, 325 (9th Cir. 1996), and should not be read or
22 copied without the prisoner's permission.  Casey v. Lewis, 43 F.3d
23 1261, 1269 (9th Cir. 1994), rev'd on other grounds, 518 U.S. 343
24 (1996).  Prison officials must establish that legitimate penological
25 interests justify the policy or practice.  O'Keefe, 82 F.3d at 327.
26    Mail from the courts, as contrasted to mail from a prisoner's
27 lawyer, is not "legal mail."  Keenan v. Hall, 83 F.3d 1083, 1094
28
                                      4

(9th Cir. 1996), <u>amended</u>, 135 F.3d 1318 (9th Cir. 1998).  With minute exceptions correspondence from a court to a litigant is a public document.  <u>Martin v. Brewer</u>, 830 F.2d 76, 78 (7th Cir. 1987). The inspection for contraband of non-legal mail does not violate a prisoner's constitutional rights.  <u>Witherow v. Paff</u>, 52 F.3d 264, 265-66 (9th Cir. 1995) (upholding inspection of outgoing mail); <u>Smith v. Boyd</u>, 945 F.2d 1041, 1043 (8th Cir. 1991) (upholding inspection of incoming mail); <u>Gaines v. Lane</u>, 790 F.2d 1299, 1304 (7th Cir. 1986) (upholding inspection of outgoing and incoming mail).

Although Plaintiff states that Officer Juneau opened his "legal" mail outside of his presence, it is not clear whether this was mail from Plaintiff's attorney or the Court.  Only if Officer Juneau opened mail from Plaintiff's attorney, would Plaintiff's First Amendment rights be implicated.  Therefore, this claim is dismissed with leave to amend, for Plaintiff to remedy this deficiency, if he truthfully can do so.

## IV

For the foregoing reasons, the Court hereby orders as follows:

1. Plaintiff's retaliation claim against Officer Chisman is cognizable.

2. Plaintiff's First Amendment claim against Officer Juneau is dismissed with leave to amend.

3.  If Plaintiff can cure the pleading deficiency described above, he shall file an AMENDED COMPLAINT within twenty-eight days from the date this order is filed.  The amended complaint

5

must include the caption and civil case number used in this order <u>Gibbs v. Chisman</u>, C 13-2488 TEH (PR) and the words AMENDED COMPLAINT on the first page. Plaintiff may not incorporate material from the prior complaint by reference. Failure to file an amended complaint within twenty-eight days and in accordance with this order will result in a finding that further leave to amend would be futile, and the deficient claim will be dismissed.

    4. If Plaintiff does not wish to file an amended complaint, he shall so inform the Court within twenty-eight days from the date of his Order.

    5. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981).

    6. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter and all attachments thereto and copies of this order on Officer Chisman. The Clerk shall also mail a copy of this order to Plaintiff and mail a courtesy copy of this Order and the complaint to the California Attorney General's Office in San Francisco.

    7. To expedite the resolution of this case, the Court orders as follows:

        a. No later than sixty-three (63) days from the date of this order, Defendant shall file a motion for summary judgment or other dispositive motion. A motion for summary judgment

6

shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue.  Defendant's motion shall include the required Ninth Circuit notice to Plaintiff for opposing dispositive motions required by Rand v. Rowland, 154 F.3d 952, 962–63 (9th Cir. 1998)(motion for summary judgment) and Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003) (motion to dismiss).  See Woods v. Carey, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirements set out in Rand must be served concurrently with the motion); Stratton v. Terhune, 697 F.3d 1004, 1008 (9th Cir. 2012) (notice requirement set out in Wyatt must be served concurrently with motion to dismiss for failure to exhaust available administrative remedies).  If Defendant is of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, she shall so inform the Court prior to the date her motion is due.  All papers filed with the Court shall be served promptly on Plaintiff.

        b.   Plaintiff's opposition to the dispositive motion shall be filed with the Court and served upon Defendant no later than thirty-five (35) days after Defendant serves Plaintiff with the motion.

        c.   Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact - that is, if there is no real dispute about any fact that

7

would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your amended complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial. Rand, 154 F.3d at 962-63.

       Plaintiff also is advised that a motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice.  You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the Defendants in their motion to dismiss.  Wyatt, 315 F.3d at 1120 n.14.  You have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court.  Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents – documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers

8

Case 3:13-cv-02488-TEH   Document 7   Filed 07/08/13   Page 9 of 10

such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters stated therein. In considering a motion to dismiss for failure to exhaust, the Court can decide disputed issues of fact with regard to this portion of the case. Stratton, 697 F.3d at 1008-09.

(The Rand and Wyatt/Stratton notices above do not excuse Defendant's obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. Woods, 684 F.3d at 935.)

d. Defendant shall file a reply brief within fourteen (14) days of the date on which Plaintiff serves her with the opposition.

e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

9. All communications by Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

10. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court and all parties informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of

9

this action pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED  *07/08/2013*

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\CR.13\Gibbs v Chisman 13-2488 Partial Service.wpd

10