United States District Court
For the Northern District of California

1

2

3

4

5                    IN THE UNITED STATES DISTRICT COURT

6                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8

9

10

11   KENNETH B. GIBBS,                        No. C-13-2488 TEH (PR)

12            Plaintiff,

13                                            ORDER DISMISSING CLAIM AGAINST
                 v.                           OFFICER JUNEAU

14   R. CHISMAN, et al.,                      (Doc. # 9)

15            Defendants.

16   _____/

17            Plaintiff Kenneth Gibbs, an inmate at Pelican Bay State

18   Prison (PBSP) in Crescent City, California, filed this civil rights

19   action under 42 U.S.C. § 1983 alleging constitutional violations

20   against PBSP Correctional Officers R. Chisman and J. Juneau.  On

21   July 8, 2013, the Court issued an Order of Partial Service, finding

22   that Plaintiff had stated a cognizable claim against Officer Chisman

23   but had not stated a cognizable claim against Officer Juneau.  Doc.

24   #7.  The Court dismissed the claim against Officer Juneau with leave

25   to file a First Amended Complaint (FAC) for Plaintiff to remedy the

26   deficiencies noted by the Court.  On July 29, 2013, Plaintiff filed

27   a FAC, which is now before the Court for initial screening pursuant

28   to 28 U.S.C. § 1915A.

## I

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pleadings filed by pro se litigants, however, must be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. Leer, 844 F.2d at 633.

2

II

In his complaint, Plaintiff alleged that, on May 1, 2013, Officer Juneau opened Plaintiff's "legal" mail outside of his presence.  Based on this, Plaintiff asserted that Officer Juneau violated Plaintiff's First and Fourteenth Amendment rights to have his legal mail opened only in his presence.  In its Order, the Court noted that, although legal mail may not be read or copied without the prisoner's permission, mail from the courts, as contrasted to mail from a prisoner's lawyer, is not "legal mail."  Doc. #7 at 4 (citing O'Keefe v. Van Boening, 82 F.3d 322, 325 (9th Cir. 1996); Casey v.Lewis, 43 F.3d 1261, 1269 (9th Cir. 1994), rev'd on other grounds, 518 U.S. 343 (1996); Martin v. Brewer, 830 F.2d 76,78 (7th Cir. 1987)(with minor exceptions, correspondence from a court to a litigant is a public document)); see also Powell v. Gibbons, 453 Fed. Appx. 712, 712 (9th Cir. 2011) (in Sherman v. MacDougal, 656 F.2d 527, 528 (9th Cir. 1981), the court reserved issue of whether there is a constitutional violation where prison official opens prisoner's legal mail outside of prisoner's presence).

The Court found that, in his complaint, Plaintiff did not indicate whether the mail Officer Juneau allegedly opened was from Plaintiff's attorney or from the Court and that only if it was from Plaintiff's attorney would Plaintiff's constitutional rights be implicated.  The Court dismissed the claim with leave to amend for Plaintiff to remedy this deficiency.

In his FAC, Plaintiff alleges that the mail Officer Juneau opened was from the Court.  FAC at 2.  Based on the above-cited authority, that Officer Juneau opened mail from the Court outside of

Plaintiff's presence is insufficient to state a claim for relief. Furthermore, an isolated instance of mail interference usually does not support a claim for violation of constitutional rights.  See Knapp v. California Dep't of Correction, 2012 WL 6698089, *5 (E.D. Cal. Dec. 21, 2012) (citing Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003); Gardner v. Howard, 109 F.3d 427, 431 (8th Cir. 1997); Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990)).

In his FAC, Plaintiff cites Castillo v. Cook County Mailroom, 990 F.2d 304 (7th Cir. 1993) and Bieregu v. Reno, 59 F.3d 1445 (3rd Cir. 1995) to support his claim that Officer Juneau violated his constitutional rights.  However, these cases are distinguishable.

In Bieregu, the Court found that the plaintiff had alleged a pattern and practice of opening the plaintiff's incoming court mail outside his presence.  Id. at 1452.  Here, Plaintiff alleges only one instance where Officer Juneau opened his mail.  In Castillo, the district court had dismissed without leave to amend a claim that prison official's opening of the plaintiff's mail from the court violated the plaintiff's constitutional rights.  Castillo 990 F.2d at 306-07.  The Seventh Circuit determined that the claim was not legally frivolous and should not have been dismissed without providing the plaintiff an opportunity to amend.  Id.  Here, the Court has provided Plaintiff with the opportunity to amend his claim.

Accordingly, Plaintiff's claim against Officer Juneau is dismissed.  Because Plaintiff has had an opportunity to remedy the deficiencies in this claim and has failed to do so, this claim is

4

dismissed without leave to amend.  See Moore v. Kayport Package

Exp., Inc., 885 F.2d 531, 538 (9th Cir. 1989) (leave to amend need

not be given if complaint, as amended, is subject to dismissal).

III

      For the foregoing reasons, the Court orders as follows:

      1. The claim against Officer Juneau is dismissed with

prejudice.

      2. The retaliation claim against Officer Chisman shall

proceed in accordance with the briefing schedule set forth in the

Court's July 8, 2013 Order of Partial Service.

      IT IS SO ORDERED.

DATED     08/20/2013                  _____

                                   THELTON E. HENDERSON
                                   United States District Judge

G:\PRO-SE\TEH\CR.13\Gibbs v Chisman 13-2488 Dis 1AC.wpd