IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KENNETH B. GIBBS,

    Plaintiff,

    v.

R. CHISMAN, et al.,

    Defendants.

No. C-13-2488 TEH (PR)

ORDER DENYING REQUEST FOR ENTRY OF DEFAULT AND RE-SERVING DEFENDANT CHISMAN

(Doc. ##12, 13)

    Plaintiff Kenneth Gibbs, a former inmate at Pelican Bay State Prison (PBSP), filed this civil rights action under 42 U.S.C. § 1983 alleging constitutional violations against PBSP Correctional Officers R. Chisman and J. Juneau. On July 8, 2013, the Court issued an Order of Partial Service, finding that Plaintiff had stated a cognizable claim against Officer Chisman but had not stated a cognizable claim against Officer Juneau. Doc. #7. The Court dismissed the claim against Officer Juneau with leave to file a First Amended Complaint (FAC) for Plaintiff to remedy the deficiencies noted by the Court. On August 21, 2013, the Court dismissed the claim against Officer Juneau, finding that Plaintiff had not stated a cognizable claim against Officer Juneau in his FAC.

    On December 10, 2013, Plaintiff filed a declaration for entry of default against Officer Chisman because the time for her to answer the complaint and file a dispositive motion had passed. Doc. #12. However, on December 12, 2013, the summons as to Officer Chisman was returned unexecuted with a remark by the Marshal that it

1  was "returned unexecuted and process was not served through
2  administrative error--request resubmission for service."  Doc. #13.
3        Accordingly, Plaintiff's request for entry of default is
4  denied and Defendant Chisman will be re-served.
5        For the foregoing reasons, the Court orders as follows:
6        1. The request for entry of default is denied.  Doc. #12.
7        2.  The Clerk shall issue summons and the United States
8  Marshal shall serve, without prepayment of fees, copies of the
9  complaint, doc. #4, the FAC, doc. #9, and all attachments thereto,
10 and copies of the Order of Partial Service, doc. #7, the Order
11 Dismissing Claim Against Officer Juneau, doc. #10, and this Order on
12 Officer Chisman.  The Clerk shall also mail a copy of this Order to
13 Plaintiff and mail a courtesy copy of this Order, the complaint and
14 FAC to the California Attorney General's Office in San Francisco.
15     3.  To expedite the resolution of this case, the Court
16 orders as follows:
17        a.  No later than sixty-three (63) days from the
18 date of this order, Defendant shall file a motion for summary
19 judgment or other dispositive motion.  A motion for summary judgment
20 shall be supported by adequate factual documentation and shall
21 conform in all respects to Federal Rule of Civil Procedure 56, and
22 shall include as exhibits all records and incident reports stemming
23 from the events at issue.  Defendant's motion shall include the
24 required Ninth Circuit notice to Plaintiff for opposing dispositive
25 motions required by <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir.
26 1998)(motion for summary judgment) and <u>Wyatt v. Terhune</u>, 315 F.3d
27 1108, 1120 n.14 (9th Cir. 2003) (motion to dismiss).  <u>See</u> <u>Woods v.</u>
28

2

<u>Carey</u>, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirements set out in <u>Rand</u> must be served concurrently with the motion); <u>Stratton v. Terhune</u>, 697 F.3d 1004, 1008 (9th Cir. 2012) (notice requirement set out in <u>Wyatt</u> must be served concurrently with motion to dismiss for failure to exhaust available administrative remedies).  If Defendant is of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, she shall so inform the Court prior to the date her motion is due.  All papers filed with the Court shall be served promptly on Plaintiff.

        b.   Plaintiff's opposition to the dispositive motion shall be filed with the Court and served upon Defendant no later than thirty-five (35) days after Defendant serves Plaintiff with the motion.

        c.   Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact - that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your amended complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict

3

the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  Rand, 154 F.3d at 962-63.

Plaintiff also is advised that a motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice.  You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the Defendants in their motion to dismiss.  Wyatt, 315 F.3d at 1120 n.14.  You have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court.  Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents – documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters stated therein.  In considering a motion to dismiss for failure to exhaust, the Court can decide disputed issues of fact with regard to this portion of the case.  Stratton, 697 F.3d at 1008-09.

(The Rand and Wyatt/Stratton notices above do not excuse Defendant's obligation to serve said notices again concurrently with

4

motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment.  <u>Woods</u>, 684 F.3d at 935.)

    d. Defendant shall file a reply brief within fourteen (14) days of the date on which Plaintiff serves her with the opposition.

    e. The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

  4. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order is required before the parties may conduct discovery.

  5. All communications by Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

  6. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court and all parties informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

**DATED** *01/13/2014*

THELTON E. HENDERSON  
United States District Judge

5