IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KENNETH B. GIBBS,

        Plaintiff,

    v.

R. CHISMAN,

        Defendant.

_____/

No. C-13-2488 TEH (PR)

ORDER OF SERVICE

Plaintiff Kenneth Gibbs, an inmate at Pelican Bay State Prison (PBSP) in Crescent City, California, commenced this action on June 3, 2013 by submitting a letter to the Court. Pursuant to the Court's order dated November 18, 2014, Plaintiff has now filed a second amended complaint. Doc. #24. Plaintiff's second amended complaint is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A.

I

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint,

1 or any portion of the complaint, if the complaint "is frivolous,
2 malicious, or fails to state a claim upon which relief may be
3 granted," or "seeks monetary relief from a defendant who is immune
4 from such relief." Id. § 1915A(b).  Pleadings filed by pro se
5 litigants, however, must be liberally construed.  Hebbe v. Pliler,
6 627 F.3d 338, 342 (9th Cir. 2010); Balistreri v. Pacifica Police
7 Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

8       To state a claim under 42 U.S.C. § 1983, a plaintiff must
9 allege two essential elements:  (1) that a right secured by the
10 Constitution or laws of the United States was violated, and (2) that
11 the alleged violation was committed by a person acting under the
12 color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

13       Liability may be imposed on an individual defendant under
14 § 1983 if the plaintiff can show that the defendant proximately
15 caused the deprivation of a federally protected right.  Leer v.
16 Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of
17 Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981).  A person deprives
18 another of a constitutional right within the meaning of § 1983 if he
19 does an affirmative act, participates in another's affirmative act,
20 or omits to perform an act which he is legally required to do, that
21 causes the deprivation of which the plaintiff complains.  Leer, 844
22 F.2d at 633.

23                              II

24       In his second amended complaint, Plaintiff sets forth the
25 following allegations.  On April 26, 2013, Officer R. Chisman kicked
26 Plaintiff and Plaintiff filed a grievance against her.  On April 30,
27 2013, Officer Chisman confiscated Plaintiff's legal documents and
28

2

Plaintiff filed another grievance against her.  Officer Chisman retaliated by conducting unnecessary cell searches on May 14, 2013, and June 24, 2013.  During the June 24, 2013 cell search, Officer Chisman improperly confiscated Petitioner's legal books.  Plaintiff also alleges that Officer Chisman attempted to prevent inmate Thompson from providing Plaintiff with legal assistance to access the courts and to prepare Plaintiff's lawsuits.  Based on these allegations, Plaintiff asserts that Officer Chisman violated his First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights by retaliating against him for filing a grievance and lawsuit against her based on her improper use of excessive force, and denying him access to the courts.

### III

#### A

Retaliation by a state actor for the exercise of a constitutional right is actionable under 42 U.S.C. § 1983, even if the act, when taken for different reasons, would have been proper. Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274, 283–84 (1977). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2004) (footnote omitted).

Liberally construed, Plaintiff states a cognizable claim

3

against Officer Chisman based on her retaliation against him.

**B**

Prisoners have a constitutional right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 350 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977). To establish a claim for any violation of the right of access to the courts, the prisoner must prove that there was an inadequacy in the prison's legal access program that caused him an actual injury. See Lewis, 518 U.S. at 350–55. Prisoners may not be barred from receiving legal assistance from other prisoners unless they are provided with a reasonable alternative to such assistance. See Johnson v. Avery, 393 U.S. 483, 488–90 (1969); Storseth v. Spellman, 654 F.2d 1349, 1352 (9th Cir. 1981).

Liberally construed, Plaintiff states a cognizable claim against Officer Chisman based on her denying him access to the courts.

**IV**

For the foregoing reasons, the Court hereby orders as follows:

1.  Plaintiff's claims that Officer Chisman retaliated against him and denied him access to the courts are cognizable.

2.  To expedite the resolution of this case, the Court orders as follows:

   a.  No later than January 20, 2015, Defendant shall file a motion for summary judgment or other dispositive motion. A motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of

4

Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. Defendant's motion shall include the required Ninth Circuit notice to Plaintiff for opposing dispositive motions required by Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998). See Woods v. Carey, 684 F.3d 934, 938 (9th Cir. 2012) (requiring such notice for summary judgment motions, citing Rand v. Rowland); Stratton v. Buck, 697 F.3d 1004, 1006 (9th Cir.2012) (requiring such notice for motions to dismiss for failure to exhaust administrative remedies where evidence extrinsic to the complaint is submitted).

The Court notes that under the new law of the circuit, in the rare event that a failure to exhaust is clear on the face of the complaint, Defendant may move for dismissal under Rule 12(b)(6) as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion. Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (overruling Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act should be raised by a defendant as an unenumerated Rule 12(b) motion). Otherwise if a failure to exhaust is not clear on the face of the complaint, Defendant must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56. Id. If undisputed evidence viewed in the light most favorable to Plaintiff shows a failure to exhaust, Defendant is entitled to summary judgment under Rule 56. Id. But if material facts are disputed, summary judgment should be denied and the district judge rather than a jury should determine the facts in a preliminary proceeding. Id. at 1168.

If Defendant is of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, she shall so inform the Court prior to the date her motion is due. All papers filed with the Court shall be served promptly on Plaintiff.

b.   Plaintiff's opposition to the dispositive motion shall be filed with the Court and served upon Defendant no later than thirty-five (35) days after Defendant serves Plaintiff with the motion.

c.   Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact - that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your second amended complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

6

1 <u>Rand</u>, 154 F.3d at 962-63.

2 Plaintiff also is advised that a motion to dismiss for
3 failure to exhaust administrative remedies under 42 U.S.C.
4 § 1997e(a) will, if granted, end your case, albeit without
5 prejudice. You must "develop a record" and present it in your
6 opposition in order to dispute any "factual record" presented by the
7 Defendants in their motion to dismiss. <u>Wyatt</u>, 315 F.3d at 1120
8 n.14. You have the right to present any evidence to show that you
9 did exhaust your available administrative remedies before coming to
10 federal court. Such evidence may include: (1) declarations, which
11 are statements signed under penalty of perjury by you or others who
12 have personal knowledge of relevant matters; (2) authenticated
13 documents – documents accompanied by a declaration showing where
14 they came from and why they are authentic, or other sworn papers
15 such as answers to interrogatories or depositions; (3) statements in
16 your operative complaint (the Second Amended Complaint) insofar as
17 they were made under penalty of perjury and they show that you have
18 personal knowledge of the matters stated therein.

19     d. Defendant shall file a reply brief within
20 fourteen (14) days of the date on which Plaintiff serves her with
21 the opposition.

22     e. The motion shall be deemed submitted as of the
23 date the reply brief is due. No hearing will be held on the motion
24 unless the Court so orders at a later date.

25    3. Discovery may be taken in accordance with the Federal
26 Rules of Civil Procedure. No further court order is required before
27 the parties may conduct discovery.

28

7

4. All communications by Plaintiff with the Court must be served on Defendant or Defendant's counsel, by mailing a true copy of the document to Defendant or Defendant's counsel.

5. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court and all parties informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED    *12/9/2014*

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\CR.13\Gibbs v Chisman 13-2488 OSC SAC.wpd

8